WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America,              )
                                       )
           Plaintiff,                  )
                                       )        CR 10-2522 TUC DCB (DTF)
v.                                     )
                                       )        **O R D E R**
Catherine Florea Ortiz,                )
                                       )
           Defendant,                  )
_____)

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) (doc. 71) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Dismiss Criminal Complaint Due to Loss of Evidence (doc. 12) and Supplemental Motion to Dismiss (doc. 27). Additionally, the Court affirms the Order issued by the Magistrate Judge on October 25, 2010, denying sanctions against the Government. (Doc. 58.)

MAGISTRATE JUDGE'S RECOMMENDATION

On November 9, 2010, Magistrate Judge D. Thomas Ferraro issued a R&R in regard to Defendant's Motion to Dismiss the Criminal Complaint due to loss of evidence. He found there was no basis to dismiss the Complaint or in the alternative to exclude witness testimony at trial. (Doc. 71: R&R at 1.) The Magistrate Judge found that there was no destruction of any evidence, and the Government turned over all the evidence it possessed. *Id.* at 4. Additionally, the Magistrate Judge denied Defendant's Motion for Sanctions for Non-compliance with Fed. R. Cr. P.45(b) for the Government's alleged failure to timely seek an extension of time to respond to the Motion to Dismiss. (Doc. 58: Minute Entry Order.)

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Cr. P. 59(b). The Defendant filed objections to the R&R and the Order issued by the Magistrate Judge denying his request for sanctions. The Government has responded to both.

STANDARD OF REVIEW

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The district court must consider whether to modify or set aside any part of a nondispositive order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo. Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Cr. P. 59(a). "[T]he magistrate judge's decision . . . is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir.2001)). A

failure to raise an objection waives a right to review. Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1).

The Court has considered the objections filed by the Defendant, the Government's responses, and the parties' memoranda considered by the Magistrate Judge on the Motion to Dismiss and the Motion for Sanctions in respect to the Defendant's objections.

DISCUSSION OF DEFENDANT'S OBJECTIONS

On August 28, 2010, Defendant was arrested and charged with transporting illegal aliens for profit. The vehicle driven by Defendant held two illegal aliens. Both were retained as material witnesses and gave two statements. Initially, an agent interviewed the witnesses to determine whether they had relevant information to be used against the Defendant. These statements were not recorded, but were summarized by the agent on a Form I-831, pursuant to standard procedures. Thereafter, taped interviews were conducted of both witnesses. The digital video recording of the interviews was saved on a DVD. During the process of making copies of the DVD, the disk was physically damaged and the information on it was lost. Ultimately, however, the Government was able to retrieve the information on the recording and make it available to the Defendant. (R&R at 2-3.)

On September 10, 2010, the Government was notified by the case agent that the disk was damaged, and the taped interviews were lost. *Id.* The Government informed the Defendant. On September 19, 2010, the Defendant filed a Motion to Dismiss for Loss of Evidence and argued in the alternative for preclusion of the witnesses' testimony at trial. (Doc. 12.) The Magistrate Judge directed the Government to make further efforts to retrieve the statements, (doc. 68: Response to Objection at 2), and subsequently, the Government was able to retrieve the statements from the camera and again made a DVD disk and provided it to the Defendant on September 23, 2010. *Id.*

On October 4, 2010, Defendant filed the Supplemental Motion to Dismiss Criminal Complaint Due to Loss of Evidence, (doc. 27), which was "submitted to apprise the court of taped statements made to border patrol agents by two material witnesses at the time of their

1   arrest, that were not handed over to the defense." *Id.* at 1.  The Defendant compared the

2   transcribed taped interviews with the witnesses' statements reported on the Form I-831s and

3   concluded she had been given incomplete copies of the taped interview statements because

4   they did not include statements contained in the I-831 forms, such as: "paying "Pavo" in

5   Mexico, being transported in an unknown vehicle, crossing the border near Menangers Dam,

6   being aided by a guide across the border, spending the night in a house, being instructed to

7   get into a white Silverado, not speaking to the driver, being under the impression that the

8   driver was going to Phoenix, and not paying the driver and whether or not he could identify

9   the driver." (Doc. 27: Motion at 7 or CM/ECF doc. page 14.)

10        On October 7, 2010, at the hearing, which had been set for Defendant's original

11   Motion to Dismiss, Defendant urged the Magistrate Judge to sanction the Government for

12   failing to file a response to the Motion to Dismiss.  The Government sought and was granted

13   an extension of time to file a response.  (Doc. 40: Minute Entry Order.)  On October 8,

14   2010, Defendant filed her Motion for Sanctions, and the Government filed the Response to

15   the Motion to Dismiss.  The question of sanctions was fully briefed by the parties, and a

16   hearing was held on October 25, 2010.  The Court denied the Motion for Sanctions and

17   granted a Motion to Inspect, which ultimately revealed there was no evidentiary omission on

18   the DVD containing the witnesses' statements.  (Doc. 58: Minute Entry Order.)

19        This Court affirms the Order denying sanctions.  There was no violation of LR Civ.

20   7.2(c), which requires a response to be filed within 14 days.  The Government responded to

21   the original Motion to Dismiss, which challenged the lost witness statements due to the

22   damaged disk, by redoing and providing the Defendant with a DVD disk containing the

23   material witnesses' statements on September 23, 2010.  This was a timely response because

24   it was four days after the Defendant filed the Motion to Dismiss on September 19, 2010.

25   The Supplemental Motion to Dismiss was filed on October 4, 2010.  There was no need for

26   an extension of time to respond to it.  On October 8, 2010, the Government timely filed its

27   Response to the Supp. to the Motion to Dismiss.  (Doc. 32.)  There was no violation of Fed.

28

- 4 -

1  R. Cr. P.54(b), which requires requests for extensions of time be made prior to the

2  expiration of time.

3       As to the Magistrate Judge's recommendation to deny the Motion to Dismiss, the

4  Court adopts his findings of fact and conclusions of law.  Because the DVD given to the

5  Defendant undisputably contained all of the witnesses' statements made during their taped

6  interviews, the only question before the Magistrate Judge was raised by the Defendant in his

7  Reply.  Defendant argued that agents consciously made a decision to not record the initial

8  interviews of the material witnesses because they made exculpatory statements, such as: "i)

9  who was present the morning of the transport; ii) details about the night previous to the

10 transport; iii) details concerning the organizer of the transport; iv) how and with who the

11 material witnesses got into a Chevrolet; v) the circumstances surrounding the transport, and

12 vi) communications that took place the morning of the transport."  (Doc. 64: Reply at 2.)

13      The Court agrees with the Magistrate Judge's finding that the Defendant failed to

14 demonstrate there was any evidence at issue that was favorable or material to the defense.

15 Defendant's assertion that the untaped statements were material and exculpatory are wholly

16 conclusory, which is insufficient under *Brady.*  (*Id.* at 5.)  Furthermore, the Form I-831s that

17 have been disclosed to Defendant preserved the initial statements made by the witnesses that

18 she argues are exculpatory.  *See* Supp. Motion to Dismiss at 5 (citing statements in I-831

19 forms as evidence that taped statements were incomplete because DVD did not contain

20 information contained in I-831 forms). Additionally, the Magistrate Judge correctly found

21 that the evidence reflected the initial statements were not recorded as a matter of standard

22 procedure.  (Doc. 71: R&R at 5.)  More importantly, the Government had no constitutional

23 obligation to compile potential *Brady* material by recording the first witness interviews.  *Id.*

24 at 4 (citing *United States v. Marashi*, 913 F.2d 724, 734 (9th Cir. 1990) (explicitly rejecting

25 this argument).

26      In his Objection to the R&R, Defendant argues for the first time that the witnesses

27 made statements about "hand signals" during their post-arrest interrogation.  This argument

28

is based on testimony given during the material witness depositions and has been accordingly preserved. (Doc. 88: Objection at 1-4.) She does not specify what the statements about hand signals entailed nor explain how or why statements about hand-signals are exculpatory. The Court finds there is no evidence of destruction or omission of exculpatory evidence by the Government.

CONCLUSION

After *de novo* review of the issues raised in Defendant's Objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the pending Motion to Dismiss. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Dismiss. Additionally, the Court finds no error in the Magistrate Judge's Order denying sanctions.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation (doc. 71) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** affirming the Magistrate Judge's Order (doc. 58).

**IT IS FURTHER ORDERED** that Defendant's Motions to Dismiss (docs. 12, 27) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge D. Thomas Ferraro for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.

DATED this 10th day of January, 2011.

David C. Bury
United States District Judge